828 P.2d 1323

**Leon R. MURRAY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19371.**

Court of Appeals of Idaho.

March 31, 1992.

the child or incompetent person for a protracted period." (Emphasis added).

Leon R. Murray, appearing pro se.

Larry EchoHawk, Atty. Gen. and Joel D. Horton, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order denying relief in a post-conviction proceeding brought under I.C. § 19–4901. The petitioner, Leon Murray, challenged the two, ten-year indeterminate and concurrent sentences he had received for aggravated assault on police officers, claiming coercion in accepting a plea bargain and asserting that he had been denied effective assistance of counsel because his court-appointed attorney had failed to request concurrent sentences of five years determinate. He also alleged that he was denied effective assistance of counsel with regard to a motion under I.C.R. 35 to reduce his sentences. After an evidentiary hearing, the district court ruled that Murray had failed to establish he was entitled to any relief. We affirm.

I.

BACKGROUND

In October, 1986, Murray was charged with several offenses in Twin Falls County after a high speed chase while Murray was driving a vehicle he had stolen in Nevada. Murray was apprehended when his vehicle collided with a police vehicle at a roadblock. A public defender was appointed to represent Murray. Later, pursuant to a plea bargain, Murray pled guilty to two counts of aggravated assault on a peace officer and other misdemeanor and felony charges were dismissed. He was sentenced in December, 1986, on the assault charges to two concurrent, indeterminate terms of ten years in the custody of the Board of Correction. Murray did not appeal from the judgment of conviction or his sentences.

Eighteen months after he commenced serving his sentences, Murray filed a motion, *pro se*, under I.C.R. 35 to reconsider his sentences. The motion was denied as

untimely.[1] Murray did not appeal from the order denying this motion.

In June, 1990, again acting *pro se*, Murray filed an application under I.C. § 19–4901 for post-conviction relief, claiming that the length of his sentences was unreasonable, that he had been coerced into pleading guilty under threat of being charged as a persistent violator and that the public defender had failed to request determinate sentences of five years as desired by Murray, but instead had argued for sentences of five years indeterminate. This petition also represented that Murray had discussed the filing of a Rule 35 motion with the public defender; that he was told that law clerks at the penitentiary could help Murray in that regard; that this advice proved untrue and that Murray ultimately filed his own motion, *pro se*, but it was denied as untimely. For relief, he asked the court to reduce his sentences to five-year determinate periods. He did not request any relief with regard to his assertion that counsel failed to assist him with a motion under I.C.R. 35.

This application was assigned case number SP–90–00371. At Murray's request, new counsel was appointed to represent Murray in the proceeding. The state answered, denied the allegations in the petition and moved for summary dismissal, arguing that there was no basis for relief on Murray's application. After hearing arguments from the county prosecutor and from Murray's counsel, the court granted the state's motion and entered an order on August 7, 1990, denying relief. However, according to the court's minutes of the hearing, the court also ordered Murray's counsel "to remain as counsel of record pending further post-conviction relief motions." No appeal was taken from the August 7 order.

Later, on November 28, 1990, Murray's counsel filed another application for post-conviction relief, entitled "Second Petition for Post-conviction Relief." This application was not assigned a new case number by the district court, but was filed as part of the previous proceeding under case number SP–90–00371. In addition to incorporating by reference "all of the documents presently on file with the court in case No. SP–90–00371," the pleading specifically alleged ineffective assistance of counsel through the public defender's failure, after sentencing, to file a Rule 35 motion on Murray's behalf within the time limits prescribed by the Rule. For relief, the application requested that Murray's right to file a Rule 35 motion be reinstated.

Again the state answered by denial of the allegations and moved for summary dismissal. The court denied the state's motion to dismiss and proceeded to a hearing on the merits of the application. During the hearing, Murray and the public defender testified. At the conclusion of the hearing, the court ruled from the bench, denying Murray's application for relief.

The court's ruling was comprised of two parts. First, the judge stated:

The court is going to find there was actually no contention that the plea hearing was at all coerced or out of line ... [I]t was obvious from [the public defender's] argument that he made for a 5–year indeterminate sentence that Judge Hurlbutt knew that the defendant was not personally in favor of an indeterminate 10–year sentence.

So whether or not he had agreed previously to that, the judge was made aware at sentencing even if Mr. Murray personally didn't make a statement, the judge was made aware at sentencing that Mr. Murray wished to have a lesser sentence. The judge certainly had within his authority to give a determinate 5–year sentence and [it] was obvious that the judge determined that a time for parole or time where the defendant might be on parole would be desirable if in fact the defendant served 5 years or less.

Next, with regard to the Rule 35 question, the court acknowledged Murray's testimony that the public defender had told

**1.** A motion under Rule 35 must be filed within 120 days after entry of the judgment of conviction or order by the sentencing court relinquishing jurisdiction. The motion may also be made upon a revocation of probation.

Murray that "clerks" at the law library in the penitentiary would aid Murray in filing a Rule 35 motion. The court then found that Murray became aware that the individuals at the penitentiary library would not help him, within two months after he began serving his sentence and well within the time when he could ·have filed his own motion. The court observed that it was then incumbent upon Murray "to write to the court requesting further action be done or write to his attorney requesting that further action be done. Nothing was done at that time." The judge explained:

> [T]he court is going to rule that the defendant was on notice two months into the sentence[s], less than the 120 days, far less, that there was a problem with having the law clerk doing it and he had no right to sit around and hope that somebody would do something for him without him taking further action [and] without making his position known.

> Mr. Murray has shown in this proceeding he is quite articulate, that when he has a definite idea he expresses it. A letter to the court or his attorney would have been able to solve this problem. Therefore, the petition for post-conviction relief will be denied.

Accordingly, the court entered an order denying Murray's second petition for post-conviction relief. Murray timely appealed from this order.

## II.

## ISSUES

Murray raises several issues, which may be summarized as follows. First, he contends that the court erred by not entering specific findings of fact and conclusions of law relating to each of the issues presented by his original application for post-convic-

tion relief as required by I.C. § 19–4907(a).[2] Next, he questions whether the court's oral ruling in denying his supplemental petition sufficed as the findings and conclusions required by the statute. Finally, he challenges the court's determination that Murray was not deprived of effective assistance of counsel when the public defender failed to follow up on Murray's expressed desire to seek a modification of his sentences.

## III.

## STANDARDS OF REVIEW

Preliminarily, we note our standards of review. An application for post-conviction relief is a special proceeding, civil in nature. *State v. Bearshield*, 104 Idaho 676, 662 P.2d 548 (1983). In order to prevail in such an action, the applicant must prove his allegations by a preponderance of the evidence. *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying a petition for post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct. App.1990). The role of the reviewing court is to determine whether there was substantial evidence to support the trial court's findings. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). A claim of ineffective assistance of counsel presents mixed questions of law and fact. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). On appeal, when faced with mixed questions of fact and law, we will defer to the factual findings made by lower courts if those determinations are based upon substantial

---

**2.** The state argues that the disposition of Murray's original application may not be challenged in this appeal since no appeal was taken from the order of August 7 denying relief on that petition. However, the procedure employed below by retaining Murray's counsel in the case, the filing of the subsequent application elaborating on the Rule 35 allegation contained in the original petition, the assignment of the same case number to both applications and the lack of objection by the prosecutor either to the

filing of the subsequent application or to the presentation of the evidence at the hearing indicates to us that all parties and the court considered the second application to be a supplemental application, permitted under· I.C. § 19–4908. Viewed in this context, the August 7 order denying relief on the original petition was an interlocutory order reviewable upon appeal from the final order denying Murray's supplemental application.

evidence, but we will exercise free review of the application of the relevant law to those facts. *Young v. State*, 115 Idaho 52, 764 P.2d 129 (Ct.App.1988). In order to prevail on a claim of ineffective assistance of counsel, the claimant must establish that his counsel was deficient in his performance and that this deficiency resulted in prejudice to the claimant. *State v. Bingham*, 116 Idaho 415, 776 P.2d 424 (1989). There is a strong presumption that counsel's performance falls within the wide range of professional assistance, and the defendant bears the burden of proving that counsel's representation fell below an objective standard of reasonableness. *State v. Charboneau*, 116 Idaho 129, 774 P.2d 299 (1989).

## IV.

## DISMISSAL OF ORIGINAL APPLICATION

■ With these standards in mind, we turn to Murray's arguments that the court below erred and that the orders denying post-conviction relief should be overturned on appeal. We first note, particularly with respect to Murray's original application in June, 1990, that he sought relief from his sentences on alleged grounds of unreasonableness and excessiveness. He did not allege that his sentences were illegal; he simply asked that his sentences be reduced to a fixed period of five years. However, a claim that a sentence is unduly harsh affords no basis for post-conviction relief if the sentence is otherwise legal. *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990); *Ferrier v. State*, 115 Idaho 886, 771 P.2d 550 (Ct.App.1989); *Williams v. State*, 113 Idaho 685, 747 P.2d 94 (Ct.App.1987); *Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). A post-conviction relief proceeding under I.C. § 19–4901 is designed to permit a challenge to an underlying conviction or to an *illegal* sentence; it is not intended as a means of pursuing a collateral attack upon the manner in which the trial court exercised its sentencing discretion. *Brandt*, 118 Idaho at 352, 796 P.2d at 1025. Furthermore, the remedy provided by the post-conviction procedure act is not a substitute for an appeal from a sentence or conviction. I.C. § 19–4901(b). Any issue which could have been, but was not, raised on direct appeal—such as a challenge to the reasonableness of the length of a sentence—is forfeited and may not be considered in a post-conviction proceeding. *Id.; Ramirez, supra.*

It is clear in this case that the form of relief sought by Murray in his original application simply was not available under the provisions of the post-conviction relief act. On this ground alone, the order denying relief on that petition will be sustained. We therefore uphold the August 7 order of the district court denying relief to Murray on his original application for post-conviction relief albeit, perhaps, on a ground different from that relied upon by the court below. *State v. Werneth*, 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied*, 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981); *State v. Morris*, 119 Idaho 448, 807 P.2d 1286 (Ct.App.1991); *State v. Hocker*, 119 Idaho 105, 803 P.2d 1011 (Ct.App.1991). It is therefore not necessary to resolve whether the district court should have entered any findings or conclusions with regard to denial of relief on that aspect of Murray's application.

## V.

## FINDINGS ON SECOND APPLICATION

■ We turn next to Murray's contention that the district court's dismissal of his second application failed to comply with I.C. § 19–4907(a) which requires the court to make specific findings and expressly state its conclusions of law relating to each issue presented by an application for post-conviction relief. We have acknowledged that the purpose behind this requirement is to afford the appellate court an adequate basis upon which to review the denial of such an application, inasmuch as the proceeding is a civil, not a criminal action. *Maxfield v. State*, 108 Idaho 493, 497, 700 P.2d 115, 119 (Ct.App.1985), *citing* I.R.C.P. 52(a) and *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 646 P.2d 988 (1982). In *Maxfield*, we also observed that the absence of findings and conclusions may be

disregarded where the record is clear and yields an obvious answer to the relevant question posed on appeal; the failure of the trial court to make specific findings and conclusions does not necessarily mandate a reversal of the order denying relief. *Id.* 108 Idaho at 497, 700 P.2d at 119. *See also State v. Morris,* 101 Idaho 120, 609 P.2d 652 (1980), *and Davis v. State,* 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989). In *Davis,* the district court's written decision did not thoroughly address each of the claims raised by Davis in his application for post-conviction relief. Nonetheless, we were able to conduct an appellate review by resorting to the record, including the transcript of the hearing on Davis' post-conviction application.

Here, the claim upon which Murray specifically seeks appellate review with respect to his second application for post-conviction relief is whether he had been denied the assistance of counsel in pursuing a motion under I.C.R. 35 to reduce his sentence. The evidence at the hearing consisted of the testimony of Murray and his former attorney. The court's oral ruling from the bench at the close of the hearing was transcribed for this appeal and discloses the court's findings and reasoning in reaching the ultimate conclusion of law that Murray had not established any ground for relief. We deem this record to be sufficient to conduct an appellate review of the issue and thus conclude that no reversible error occurred by the failure of the district court to enter its findings and conclusions in a more detailed, written form.

## VI.

### RULE 35 QUESTION

Finally, we reach Murray's contention that the court erred in determining that Murray was not deprived of effective assistance of counsel when the public defender did not follow up on Murray's expressed desire to seek a modification of his sentences.[3] As with the proscription against raising challenges to the discretion of sentencing courts through post-conviction applications, we initially are concerned with Murray's attempt to revive a Rule 35 right through such an application. The state has cited to us the decision of a federal court, *United States v. Hill,* 826 F.2d 507 (7th Cir.1987), holding that a claim of ineffective assistance of counsel demonstrated by failure to timely file a Rule 35 motion is not the sort of defect which would permit a remedy through the federal post-conviction relief act. The *Hill* court noted that Rule 35 "simply offers the defendant an opportunity to ask the judge for lenity," and does not call into question the judgment and sentence; whereas the post-conviction relief statute, 28 U.S.C. § 2255, allows a defendant to contend that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence ... is otherwise subject to collateral attack." *Id.* at 509.[4] The court declined to determine whether ineffective assistance of counsel in the prosecution of a timely Rule 35 motion affords some remedy, stating: "It is enough to conclude that failure to get the Rule 35(b) process under way is not the sort of defect for which § 2255 permits a court to supply a remedy." *Id.* The court in *Hill* noted that decisions in two other circuits, *Voytik v. United States,* 778 F.2d 1306, 1310 (8th Cir.1985) and *United States v. Nevarez–Diaz,* 648 F.Supp. 1226, 1229 (N.D.Ind.1986), previously had reached op-

---

**3.** In its argument on appeal, the state submits that a defendant does not have the right to counsel in pursuing a discretionary form of relief, such as a Rule 35 motion following a criminal conviction, as a matter of constitutional law. However, we believe the right to counsel at public expense in pursuing a Rule 35 motion is well established aside from constitutional considerations. *See* C. Wright, FEDERAL PRACTICE AND PROCEDURE: Criminal 2d, § 586 at 407 (1982), *citing United States v. Mo-*

*rales,* 498 F.Supp. 139 (D.C.N.Y.1980); *see also* I.C. §§ 19–851 *et seq.* and I.C.R. 44.

**4.** The section 2255 language quoted by the Seventh Circuit Court is virtually identical to the provisions of I.C. § 19–4901, except that the latter refers to the Constitution and laws of this state, rather than to the laws of the United States.

posite conclusions on the question of whether 28 U.S.C. § 2255 may be used as vehicle to address a defendant's claim of ineffective assistance of counsel in pursuing a timely motion under Rule 35.

In a related vein, the Idaho Supreme Court addressed a nexus between an unsuccessful motion under Rule 35 and the filing of an application for post-conviction relief. In *State v. Gee,* 107 Idaho 991, 695 P.2d 376 (1985), the defendant had filed a motion to reconsider his twenty-year sentence imposed on a rape conviction, to be served consecutive to a five-year sentence on an unrelated burglary conviction. The motion was denied as being untimely. Gee did not appeal either from the sentence or from the denial of the motion to reconsider the sentence. Later, Gee filed an application for post-conviction relief. On appeal from the order denying relief on that petition, Gee argued that the district court had abused its discretion in imposing the sentence. Our Supreme Court disposed of this assertion, stating: "[S]ince no appeal was taken from the denial of the motion to reconsider sentence, the issue has been waived." 107 Idaho at 994, 695 P.2d at 379. We followed this same approach in *Almada v. State,* 108 Idaho 221, 697 P.2d 1235 (Ct.App.1985), and *Ramirez v. State,* 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). Each of those cases was an appeal from the denial of an application for post-conviction relief where the appellant had earlier filed a timely motion for reduction of his sentence under Rule 35, but which motion was denied. The thrust of these decisions is that a defendant, whose motion under Rule 35 is denied, must seek a direct appeal from the order disposing of the motion, whether the motion was timely filed or not, rather than pursuing a review under the guise of a post-conviction application.

However, these cases do not answer a situation, such as the instant appeal, where the defendant claims that the reason he did not timely file a motion under Rule 35 was due to alleged ineffective assistance of counsel. We were presented with a factually similar circumstance in *Davis v. State,* 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989), although we did not address—as a threshold question—the propriety of challenging, through a post-conviction proceeding, the loss of the Rule 35 opportunity. There, in a post-conviction proceeding, Davis maintained that his trial counsel rendered ineffective assistance in several respects, among them that the attorney had failed to file a Rule 35 motion when requested by Davis. As later will be noted, we were not persuaded the circumstances in Davis' case demonstrated that counsel's failure to file a Rule 35 motion constituted ineffective assistance of counsel.

Although in *Davis* the state evidently did not question the use of the post-conviction process to raise an ineffective assistance of counsel claim relating to the Rule 35 issue, the state now poses that challenge. With due respect for the decision of the circuit court considering the federal post-conviction act in *Hill,* we are inclined to instead follow the lead of the Eighth Circuit in *Voytik v. United States, supra.* In *Voytik,* the court upheld dismissal of the defendant's petition for post-conviction relief under 28 U.S.C. § 2255, which alleged ineffective assistance of counsel for failure to timely file a Rule 35 motion, on the ground that the petitioner had not shown actual prejudice resulting from counsel's inaction. We recognize that the issue of ineffective assistance of counsel for failing to timely file a Rule 35 motion easily could be raised by a defendant upon presentation of an untimely Rule 35 motion, with counsel's failure asserted as a reason to excuse the untimeliness. However, we see no impediment to entertaining the same inquiry through a post-conviction application under I.C. § 19-4901, since the burden of proof and the standards applicable to the question of ineffective assistance of counsel would remain the same in either event. Accordingly, we conclude that a claim of ineffective assistance of counsel, based upon counsel's alleged failure to file a Rule 35 motion, properly may be brought under the post-conviction procedure act. Our conclusion is further supported by the fact that counsel is provided to a criminal defendant at the Rule 35 stage of proceedings, and that there should be a remedy under

Idaho's post-conviction procedure act for asserted ineffectiveness of counsel at that stage.

 Thus, we will address the decision of the court below in denying relief to Murray on his claim. Again, we believe the analysis we followed in *Davis* provides guidance. We said:

> We are unpersuaded by Davis' argument regarding his attorney's failure to file a motion under I.C.R. 35 for a reduction of sentence. The attorney testified at the post-conviction hearing that the judge who had sentenced Davis had a propensity not to grant motions for a reduction of sentence, and therefore such a motion likely would not be successful in Davis' case. The attorney communicated his opinion to Davis by the letter regarding an appeal, sent shortly after Davis' incarceration. As with the appeal discussion, the attorney's letter left the decision about a sentence reduction up to Davis. Davis failed to respond. Given Davis' failure to follow up on the letter, the attorney was justified in not filing the Rule 35 motion. [Footnote omitted.]

116 Idaho at 412, 775 P.2d at 1254.

In the present case, it is clear, as found by the court below, that Murray discussed with his counsel his desire to file a motion for reconsideration of his sentences. It is equally clear that Murray learned from his counsel that the attorney would not file such a motion but instead preferred that Murray obtain help in doing so at the penitentiary library. The evidence was in dispute as to whether Murray ever communicated to his attorney the fact that he was unable to get any assistance from individuals at the penitentiary. But the evidence was unrefuted that, before the time expired for filing a Rule 35 motion, Murray knew some action needed to be taken and that his attorney already had expressed an unwillingness to act on Murray's behalf. Based on this evidence, the district court concluded that the responsibility lay with Murray to either contact his counsel for further assistance or to write to the court, requesting some further action.[5] Inasmuch as the objective standard of reasonableness is the measure to determine whether counsel's performance may be found to have been "ineffective assistance," the court's decision to deny relief to Murray is consistent with a conclusion that the public defender's failure to pursue a Rule 35 motion on Murray's behalf was reasonable under the circumstances.

We hold that the court's express observations and implied findings are fully supported by the evidence. We conclude that the court properly denied Murray's application for post-conviction relief on the ground that Murray was not deprived of the effective assistance of counsel with regard to filing a motion to reduce his sentences.

The order appealed from is affirmed.

SWANSTROM and SILAK, JJ., concur.

---

5. An informal letter to the court within the 120–day time limit, requesting a reduction of a sentence, vests the court with jurisdiction to consider the request under Rule 35. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984).