17 P.3d 880

James Allen FLOYD, Petitioner–
Appellant,

v.

STATE of Idaho, Respondent.

No. 25772.

Court of Appeals of Idaho.

Dec. 8, 2000.

Review Denied Feb. 12, 2001.

**380**

Ronaldo A. Coulter, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

James Allen Floyd appeals from the district court's order dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

### BACKGROUND

In July 1992, a jury found Floyd guilty of rape and kidnapping in the second degree. He was sentenced to concurrent unified terms of ten years, with minimum periods of incarceration of two years. Floyd filed an I.C.R. 35 motion for reduction of sentence, which was denied. Floyd appealed to this Court, which affirmed his judgments of conviction and sentences. *See State v. Floyd*, 125 Idaho 651, 873 P.2d 905 (Ct.App.1994).

On September 23, 1994, Floyd filed a pro se application for post-conviction relief pursuant to the Uniform Post–Conviction Procedure Act (UPCPA). Floyd was appointed counsel to pursue his post-conviction claims. Following an evidentiary hearing, the district court issued an order denying Floyd's application for post-conviction relief. Floyd appeals, challenging the district court's denial of relief on two of his stated claims.

## II.

### ANALYSIS

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19–4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990).

In reviewing the district court's granting or denying of post-conviction relief following a hearing as provided in I.C. § 19–4907, we must view the evidence in the light most favorable to the trial court's findings. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994). We will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

Specifically, Floyd argues that the district court erred when it determined that he had not received ineffective assistance of counsel during the underlying criminal trial. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924–25, 828 P.2d at 1329–30. In order to prove a claim of ineffective assistance of counsel, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of "professional assistance." *Aragon*, 114 Idaho at 760, 760 P.2d at 1176. An applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Ivey v. State*, 123

Idaho 77, 80, 844 P.2d 706, 709 (1992). In order for the applicant to satisfy the second prong of the *Strickland* test, he or she must establish that there is a reasonable probability that the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177.

Floyd asserts that his trial counsel rendered ineffective assistance of counsel by failing to adequately object to the investigating officer's participation during voir dire and the jury selection phase of the trial. The record reflects that the officer was not involved in serving a jury summons on any member of Floyd's jury panel, that the officer was not in any way involved in the selection of the jury pool for Floyd's case, and that the officer did not make any statements directly to the jury panel during the process of voir dire. The record indicates that the investigating officer was present, however, at the prosecution's table during voir dire. The officer testified that during voir dire and jury selection if he "felt there was a problem [with a potential juror], I would either whisper that thought to [the prosecuting attorney] or if I thought there was something positive I would whisper, and/or ... I may have written some comments one way or the other about that person." The record also shows that pursuant to a request by Floyd's trial counsel and upon counsel's withdrawal of his initial objection, the prosecutor informed the jury that the investigating officer was present only to aid the prosecution in selecting a jury and not as a law enforcement officer.

After listening to the testimony of the investigating officer at the evidentiary hearing, the district court determined that the officer "was present to aid the prosecution in selecting a jury by using his personal knowledge, wherever possible, to suggest possible prejudice in any prospective juror." The district court concluded that Floyd's allegation of ineffective assistance of counsel failed under both prongs of the *Strickland* analysis. The district court found that Floyd failed to present any evidence to support his claim that the prosecution's use of the investigating officer's knowledge during jury selection was prejudicial error. The district court further concluded that Floyd failed to show that the conduct of his trial counsel in withdrawing his objection fell outside the bounds of reasonable professional assistance and sound trial strategy. The district court also concluded that Floyd failed to show that there was a reasonable probability that the outcome of the trial would have been different but for the investigating officer's participation during voir dire and jury selection.

Our review of the record indicates that there is substantial and competent evidence to support the district court's findings. As support for his assertion that his trial counsel's decision to withdraw his objection was based on ignorance of the law or lack of preparation, we note that Floyd cites cases which dealt with actual police participation in the selection of standby jurors. *See Russell v. Wyrick*, 736 F.2d 462 (8th Cir.1984); *Anderson v. Frey*, 715 F.2d 1304 (8th Cir. 1983). However, Floyd does not challenge the mode or manner in which the members of the jury wheel were selected, nor does Floyd challenge the master jury wheel's overall composition. *See* I.C. § 2–201 to –213.

Thus, these cases are distinguishable from the instant matter. In each of the cases cited by Floyd, police officers actually participated in the selection of jurors for the jury wheel. The potential for handpicking jurors who are sympathetic to the state under these circumstances is unreasonably high. In contrast, the investigating officer in the instant case did not participate in the actual selection of the jury wheel, but only aided the prosecution during voir dire and in the state's selection of individual jurors for disqualification or challenge. Thus, the investigating officer was acting in the capacity of a jury consultant, not as a jury commissioner. *See* I.C. § 2–205. As a consultant, the officer could do no more than assist the prosecution in the exercise of their general and preemptory challenges. Jury consultants are routinely used in litigation to assist during both voir dire and the disqualification of potential jurors through the exercise of general and preemptory challenges. We note that in many instances the defense requests and uses independent jury consultants in the exercise of its general and preemptory challenges. In addition, it is often a practice for

382

the lead investigator in a criminal case to sit with the prosecution throughout the trial as the party representative.[1] *See* I.R.E. 615.

We find no case law, and Floyd has failed to direct us to any case law, which holds that allowing a law enforcement officer to aid the prosecution during voir dire in its exercise of its general and preemptory challenges constitutes error. Thus, we hold that Floyd has failed to show that the police officer's participation during this phase of the trial was error. Therefore, we conclude that there was no objectionable conduct for Floyd's counsel to bring to the district court's attention. For the reasons above, an objection by Floyd's counsel in regard to the officer's participation during voir dire and the state's exercise of its general and preemptory challenges would have been without merit even if counsel had let the objection stand. The district court correctly concluded that the decision by Floyd's trial counsel to withdraw his objection did not constitute deficient performance and that Floyd failed to show that he suffered any prejudice thereby. Therefore, we conclude that the district court did not err in denying Floyd's application for post-conviction relief.

 Floyd also attempts to argue that the investigating officer's participation in voir dire and jury selection violated his right to due process and his Sixth Amendment right to an impartial jury. Where a defendant does not challenge or cannot demonstrate that a member of his or her jury was biased or prejudiced, a due process challenge must fail. *See United States v. Martinez–Salazar,* 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000); *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988); *State v. Finlayson,* 956 P.2d 283 (Utah Ct.App.1998), *aff'd on other grounds,* 994 P.2d 1243 (Utah 2000). For the previously stated reasons, we hold that Floyd has failed to show that the state's use of a police officer during the jury selection phase of Floyd's trial violated his right to due process or resulted in a biased

jury. Therefore, we conclude that Floyd has failed to show a constitutional violation.

## III.

### CONCLUSION

Floyd has failed to show that the performance of his trial counsel fell below an objective standard of reasonableness. In addition, Floyd has failed to show that the officer's participation during voir dire and the state's exercise of its general and preemptory challenges deprived him of his constitutional right to an impartial jury. Therefore, the district court's order dismissing Floyd's application for post-conviction relief is affirmed.

Judge SCHWARTZMAN concurs.

Judge LANSING concurs in the result.

---

1. As we construe Floyd's argument, however, it is not the physical presence of the officer at counsel table that is being challenged, but rather, the officer's participation in providing information to the prosecutor about potential jurors. Such participation could be accomplished from other locations both in and out of the courtroom.