**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 37331**

| | | |
|---|---|---|
| **BURTON LEROY WRIGHT,** | ) | **2011 Unpublished Opinion No. 371** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: February 25, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Andrew Parnes, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent. Elizabeth A. Koeckeritz argued.

_____

WALTERS, Judge Pro Tem

Burton Leroy Wright appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2006, Wright was charged for his involvement in the events leading to his son's death in a car accident. The state alleged that, on the night of the accident, Wright supplied alcohol to his minor son at Wright's residence. The state further alleged that Wright was also consuming alcohol and that he accompanied his son to a second residence where more alcohol was consumed. Eventually, Wright and his son departed the second residence driving separate vehicles. On the way home the two engaged in a speed race, and Wright's son was killed when his car failed to negotiate a turn and crashed through a bridge railing into the water below. Wright's son had a blood alcohol content of .06, which was above the legal limit for a minor.

Pursuant to a plea agreement, Wright pled guilty to felony injury to a child. I.C. § 18-1501(1). Throughout the plea negotiations and sentencing, however, Wright disputed the facts as they were alleged by the state. At sentencing, witnesses testified that Wright had supplied beer to his son, that Wright had consumed alcohol that evening, that Wright engaged in a speed contest with his son, and that Wright requested one of the witnesses to lie to the police about the events leading to his son's death. Despite this testimony, Wright admitted only that he knew or should have known that his son might consume alcohol that evening and that, given this knowledge, he should have prevented his son from driving. Based in part on Wright's continued denial of responsibility, he was sentenced to a unified term of ten years, with a minimum period of confinement of five years.

Wright filed an application for post-conviction relief pursuant to I.C. §§ 19-4901 to 19-4911, arguing that his counsel was ineffective for failing to obtain a mental health evaluation of Wright prior to sentencing. Specifically, Wright asserted that a mental health evaluation would have explained why he denied responsibility for his son's death and would have resulted in a lesser sentence. The district court summarily denied Wright's application for post-conviction relief. Wright appeals.

## II.

## ANALYSIS

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application

2

must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho

313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). If a defendant succeeds in establishing that counsel's performance was deficient, he or she must also prove the prejudice element by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). When considering an ineffective assistance of counsel claim on appeal, we defer to the facts found upon substantial evidence by the district court, but we freely review application of the law to the facts thus found. *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct. App. 1989).

We must first consider whether the district court erred in concluding that Wright failed to demonstrate his attorney's performance was deficient. In its decision summarily dismissing Wright's application, the district court noted that Wright did not provide substantial evidence to indicate that his counsel was, or should have been, aware of a need to more fully investigate Wright's mental condition. Wright has not shown that he either told his counsel directly that his mental health might be an issue at sentencing or that Wright's behavior would have alerted a competent attorney to a need for a mental health evaluation. *See Richman v. State,* 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002) (holding counsel was ineffective for failing to request a mental evaluation because the defendant told his counsel he was hearing voices, having nightmares, and had attempted suicide in the past). The record demonstrates that Wright did not have a prior history of mental illness or mental evaluations that would have indicated to his counsel that further investigation into his mental health might be necessary. *See Vick v. State*, 131 Idaho 121, 123, 952 P.2d 1257, 1259 (Ct. App. 1998). Wright's denial of responsibility and situational depression brought on by the death of his son were not, without more, enough to alert a reasonably competent attorney to the need for a mental evaluation. In addition, at his change of plea hearing Wright assured the district court that, although he was attending grief counseling

4

with a mental health care provider, this did not affect his ability to make a reasoned and informed decision to plead guilty. At sentencing, Wright contested several parts of the presentence investigation report (PSI), but he did not dispute any of the comments addressing his mental health or the PSI's indication that there was no need for a psychological evaluation. Therefore, there is substantial evidence in the record supporting the district court's holding that Wright failed to make a prima facie showing that his attorney was deficient for failing to more fully investigate his mental health prior to sentencing.

The district court also held that the performance of Wright's attorney was not deficient because the decision not to obtain a mental health evaluation was strategic. In support of his application, Wright submitted an affidavit by an attorney who opined that Wright's counsel at sentencing was ineffective for failing to request a mental health evaluation. The attorney's affidavit indicates that a reasonably competent attorney would have at least ordered an alcohol evaluation and, in the face of Wright's continued denials, would have requested a mental health evaluation as well. The affidavit does not, however, address whether the decision not to request a mental health evaluation in Wright's case could have been a strategic one.

The record supports the district court's determination that Wright presented no evidence to show that his attorney's decision against a mental evaluation was not a legitimate strategic choice. At the change of plea hearing, Wright disputed many of the facts alleged against him by the state. He denied that he supplied alcohol to his son, that he was drinking on the night of the accident, and that he was racing in a speed contest with his son just prior to the accident. At sentencing, witnesses' accounts of the incidents leading to the death of Wright's son were directly contradictory to Wright's version of events. Wright's counsel cross-examined these witnesses and attempted to point out weaknesses in their testimony in an effort to call into question the validity of their narratives and to strengthen Wright's opposing version of events. Wright also presented evidence at sentencing to demonstrate he was a good citizen, a responsible parent, and was of sound character. The record shows that the strategy of Wright's counsel was to deny the facts as they were alleged by the state and to assert as true Wright's version of the events. Given this strategy, it would have been counterproductive for Wright's counsel to have requested a mental health evaluation which may have undermined the validity of Wright's factual denials. Such a strategy does not fall outside the bounds of what a reasonably competent attorney would pursue. Therefore, there is substantial evidence in the record supporting the

district court's holding that Wright failed to demonstrate that his attorney's decision against requesting a mental health evaluation was not a strategic decision that would not have been pursued by a reasonably competent attorney.

Therefore, we hold that the district court did not err in summarily dismissing Wright's application for post-conviction relief because Wright did not meet his burden of showing that his counsel's representation was deficient at the time of sentencing. Consequently, we need not address whether Wright was prejudiced by his attorney's performance.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Wright's application for post-conviction relief because Wright failed to demonstrate that his counsel's representation was deficient. Accordingly, the district court's order summarily dismissing Wright's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**