# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40070

| | | |
|---|---|---|
| DUSTIN MARK JOHNSTON, | ) | 2013 Unpublished Opinion No. 721 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 24, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Dustin Mark Johnston, Twin Falls, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Dustin Mark Johnston pled guilty to robbery. I.C. § 18-6501. At the time of the crime, Johnston was sixteen years of age. The district court imposed a unified term of ten years, with a minimum period of confinement of five years. Johnston did not appeal from the judgment of conviction. Johnston filed a petition for post-conviction relief, which was dismissed as untimely. Johnston then filed a successive petition for post-conviction relief which forms the basis of this appeal. The district court issued a notice of intent to dismiss. In the notice, the court assumed arguendo that Johnston met the requirements of I.C. § 19-4908 and addressed the merits of the petition.[1] Johnston requested an extension of time to respond and the district court granted the extension. Johnston failed to respond within the allotted time and the district court dismissed the petition. Johnston appeals.

_____

[1] For purposes of this opinion, we also assume arguendo that Johnston's petition met the requirements of I.C. § 19-4908.

A petition for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Johnston argues he received ineffective assistance because his attorney failed to argue the district court lacked jurisdiction. Specifically, Johnston contends the district court lacked jurisdiction to enter a judgment of conviction for robbery absent a waiver of jurisdiction from the juvenile court (as Johnston was sixteen years old at the time of the crime).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App.

3

1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

Generally, juvenile courts have exclusive, original jurisdiction over any juvenile. I.C. § 20-505. However, there is an exception for violent juvenile offenders. I.C. § 20-509. Idaho Code Section 20-509(1)(b) provides that any juvenile, age fourteen to eighteen, who is alleged to have committed robbery, shall be charged, arrested and proceeded against by complaint, indictment, or information as an adult. Because Johnston was sixteen years of age at the time of the crime, the district court had jurisdiction and did not need a waiver of juvenile jurisdiction. *See State v. Hernandez,* 133 Idaho 576, 582 n.5, 990 P.2d 742, 748 n.5 (Ct. App. 1999) (noting the state was not required to obtain a waiver of juvenile court jurisdiction before proceeding against a seventeen-year-old in adult court on an attempted first degree murder charge--another violent offense under I.C. § 20-509(1)). Therefore, Johnston's claim is without merit and he is unable to establish prejudice as required for a claim of ineffective assistance of counsel under *Strickland.* Accordingly, we affirm the district court's order summarily dismissing Johnston's successive petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**

4