**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43042**

| | | |
|---|---|---|
| **RICHARD WILLIAM KNIGHT,** | ) | **2016 Unpublished Opinion No. 531** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: May 13, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Richard William Knight, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Richard William Knight appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Knight was convicted of two counts of lewd conduct with a minor and one count of sexual abuse of a child, following a jury trial. Knight appealed his conviction and sentence, which this Court affirmed in an unpublished opinion. *State v. Knight*, Docket No. 40614 (Ct. App. Feb. 19, 2014). Knight filed a petition for post-conviction relief alleging, among other claims, ineffective assistance of trial counsel for failing to call Knight as a witness and inadequately cross-examining the state's witnesses. The district court summarily dismissed

1

Knight's petition for post-conviction relief, holding that Knight failed to show that his trial counsel's performance was deficient. Knight appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Knight alleges that the district court erred in summarily dismissing two claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be

brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A.      Failure to Call Knight to Testify

Knight alleges that his trial counsel was ineffective for failing to call Knight as a witness in his own defense. In his petition for post-conviction relief, Knight alleged that he "had discussed with his legal counsel before both trials whether [he] should testify or not, and each time his legal counsel told [him] he should not testify, without identifying a reason." Knight alleged that he wanted to testify on his own behalf and explain the circumstances of the allegations to the jury but that his legal counsel told him that he should not testify.

Knight did not present any evidence to the district court that his trial counsel's advice not to testify constituted deficient performance. As indicated by the district court, Knight's trial counsel's advice was the result of a tactical or strategic decision. Knight has not shown that his trial counsel's advice was the result of inadequate preparation, ignorance of relevant law, or other shortcomings. Thus, Knight has not shown that his trial counsel's performance was deficient. Because Knight has not shown that there was a genuine issue of material fact regarding his trial counsel's failure to call Knight as a witness, Knight has failed to show that the district court erred in summarily dismissing this claim.

4

**B.** **Cross-Examination of Witnesses**

Knight also alleges that his trial counsel was ineffective in cross-examining the state's witnesses at trial. Knight alleges that proper cross-examination of the state's witnesses would have revealed that Knight was living in Rhode Island for two-and-one-half years and could not have committed the crimes during much of the time period alleged; the witnesses were misrepresenting or lying about critical facts; one victim physically attacked Knight on prior occasions; and one victim had a motive to fabricate the allegations against Knight.

Contrary to Knight's allegation, trial counsel cross-examined each of the state's witnesses and addressed many of the issues Knight alleges should have been revealed by proper cross-examination. Accordingly, Knight has not shown that his trial counsel's performance was objectively unreasonable. To the extent that Knight alleges his trial counsel should have more thoroughly cross-examined the state's witnesses, we note that the method and manner of cross-examination is a tactical decision. *Cooke v. State*, 149 Idaho 233, 246, 233 P.3d 164, 177 (Ct. App. 2010). Knight has not shown that his trial counsel's failure to more thoroughly cross-examine the state's witnesses was a result of inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. Because Knight has not shown that there was a genuine issue of material fact regarding his trial counsel's deficient performance in cross-examining the state's witnesses, Knight has not shown that the district court erred in summarily dismissing his petition for post-conviction relief.

## IV.
## CONCLUSION

Knight has not shown that the district court erred in summarily dismissing his allegation that his trial counsel was ineffective for failing to call Knight as a witness. In addition, Knight has not shown that the district court erred in summarily dismissing his allegation that trial counsel was ineffective in cross-examining the state's witnesses. Therefore, we affirm the district court's order summarily dismissing Knight's petition for post-conviction relief. No costs or attorney fees awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

5