**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37185**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2011 Opinion No. 77** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: December 22, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JAY R. MARSH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of eight years, for burglary enhanced for being a persistent violator, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant. Elizabeth A. Allred argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

MELANSON, Judge

Jay R. Marsh appeals from his judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of eight years, for burglary enhanced for being a persistent violator and from the order denying his I.C.R. 35 motion for reduction of sentence. Specifically, Marsh contends that the district court abused its discretion in admitting photocopies of his judgments of conviction in support of the persistent violator enhancement, imposing an excessive sentence, and denying his Rule 35 motion. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Marsh was charged with burglary, I.C. §§ 18-1401 and 18-1403, with a persistent violator enhancement, I.C. § 19-2514. Upon receiving the jury's verdict that Marsh was guilty of

1

burglary, the district court conducted the second phase of the trial to determine whether Marsh was a persistent violator. The state presented testimonial evidence from Marsh's parole officer who was supervising Marsh on two prior felonies when he committed the instant offenses. The state also presented evidence in the form of Marsh's "penitentiary packet" which contained, among other things, photocopies of certified copies of judgments of conviction for ten of Marsh's previous felony convictions. Over Marsh's objection, the district court admitted the packet into evidence. Subsequently, the jury determined Marsh was a persistent violator. The district court sentenced Marsh to a unified term of twenty years, with a minimum period of confinement of eight years. Marsh filed a Rule 35 motion for reduction of his sentence, which the district court denied. Marsh appeals.[1]

## II.

## ANALYSIS

### A.    Penitentiary Packet

Marsh argues that the district court abused its discretion when it admitted the penitentiary packet into evidence and when it found the state met the standard for authenticity provided by Idaho Rules of Evidence. The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court

---

[1]    Marsh was also found guilty of three other counts of burglary and one count of attempted grand theft. The district court sentenced Marsh to a unified term of ten years, with minimum terms of confinement of four years, for the three burglary counts and a unified term of seven years, with a minimum period of confinement of three years, for attempted grand theft. The district court ordered that these sentences all run concurrent with the burglary with the persistent violator enhancement. Marsh does not appeal from his judgment of conviction and sentences for these four convictions.

reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Marsh was charged as a persistent violator pursuant to I.C. § 19-2514. Idaho Code Section 19-2514 provides that any person who is convicted for the third time of a felony shall be sentenced to the custody of the state board of correction for a term of not less than five years and such term may be extended to a life sentence. The former convictions relied on to invoke the persistent violator enhancement must be alleged in the indictment and proved at trial beyond a reasonable doubt. *State v. Martinez*, 102 Idaho 875, 880, 643 P.2d 555, 560 (Ct. App. 1982).

During the persistent violator phase of Marsh's trial, the state offered what was referred to as a penitentiary packet to prove that Marsh had been convicted of at least two prior felonies. The penitentiary packet contained photocopies of certified copies of ten of Marsh's previous felony convictions. The photocopied judgments of conviction bore signed certification seals from the clerk of the court in each jurisdiction where the judgment originated.[2] Affixed to the front of the packet was a certificate of authenticity from the records department of the Idaho Department of Correction (IDOC). The certificate stated that the signatories were in legal custody of Marsh's original files, that they had compared the copies contained in the packet to the originals, and that the copies were true and correct copies of the originals. Marsh objected to the admission of the penitentiary packet on the ground of lack of foundation and argued that the photocopies of the judgments were not properly authenticated pursuant to the Idaho Rules of Evidence. The district court overruled Marsh's objection and admitted the packet pursuant to I.R.E. 902(4).

An original judgment of conviction is the judgment which was signed by the trial judge. Pursuant to I.C.A.R. 32(2)(C), the legal custodian of judicial records from a district court is the clerk or designated deputy clerk of the district court. Therefore, Marsh's original judgments of conviction are in the legal custody of the clerks of the district courts in which they originated. Certified copies of judgments may be obtained from the district court clerk of the county where the judgment was entered. Certified copies bear a raised or colored seal which is signed by the clerk of the court. The seal and signature certify that the copy has been compared to the original judgment and is correct. I.C. § 9-325. Pursuant to I.C. § 19-2519(b), as soon as possible after an

---

[2] The penitentiary packet contained one judgment of conviction from Madison County which did not contain a certified copy seal signed by the clerk of the court.

entry of judgment of conviction, the clerk of the court must deliver a certified copy of the judgment to the IDOC. The IDOC is required to keep a complete record of every prisoner who is committed to its custody. I.C. § 20-226. The record must include a certified copy of any judgments of conviction; a copy of the presentence investigation report, if any; and a copy of any disciplinary reports. I.C. § 20-237.

The certificate of authenticity which the IDOC records department attached to the penitentiary packet stated that the signatories had compared the copies included in Marsh's penitentiary packet to the original documents which were in the IDOC's possession. Pursuant to I.C.A.R. 32(2)(C), I.C. § 19-2519(b) and I.C. § 20-226, we conclude that the documents contained in the IDOC file were certified copies of Marsh's judgments of conviction and not the original judgments. Therefore, the documents contained in the penitentiary packet admitted at trial were photocopies of certified copies which were in the IDOC files. Accordingly, the question before us is whether it was permissible for the district court to admit into evidence photocopies of certified copies which had been authenticated as correct by the IDOC.

Authentication of a document is a condition precedent to the admission of a document into evidence. I.R.E. 901(a). Authentication may be satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. *Id*. To prove the content of a writing, the original writing is required except as otherwise provided by rule or statute. I.R.E. 1002. There is an exception to the requirement that an original be produced in the case of public records. *State v. Korn*, 148 Idaho 413, 417, 224 P.3d 480, 484 (2009). Judicial records are generally considered public records. *Id*. at 417 n.3, 224 P.3d at 484 n.3. Idaho Rule of Evidence 1005 provides, in relevant part, that the contents of a public record "may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original." Therefore, under I.R.E. 1005, the state was excused from producing the original copy of Marsh's judgments of conviction if it could demonstrate that the judgments were certified in accordance with I.R.E. 902. Idaho Rule of Evidence 902 provides:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> (4) Certified Copies of Public Records. A copy of an official record . . . authorized by law to be recorded or filed and actually recorded or filed in a public office, . . . certified as correct by the custodian or other person authorized to make the certification . . . .

4

Marsh argues that the penitentiary packet was not properly authenticated pursuant I.R.E. 902(4) because it contained photocopies of certified copies of judgments of conviction and not the certified copies themselves. Marsh asserts the penitentiary packet was inadequately authenticated because the state presented no evidence the IDOC was the legal custodian of the original documents or that it was otherwise authorized to make the certification. Marsh argues that the authentication requirements of the Idaho Rules of Evidence are not satisfied unless the judgments admitted into evidence are certified copies obtained directly from the clerk of each district court rather than photocopies of certified judgments which the IDOC had in its records.

Idaho Rule of Evidence 901(a) indicates that the purpose of the authentication requirement is to show that the matter in question is what the proponent claims. In this case, two tiers of certification work together to ensure the authenticity of the penitentiary packet. The clerk of each district court created a certified copy of the judgment of conviction pursuant to I.C. § 9-325. Each clerk compared the copy to the original and certified the copy was correct. Then, pursuant to I.C. § 19-2519(b), the clerks of the district courts delivered the certified copies to the IDOC. The IDOC compiled a record of certified copies of Marsh's judgments of conviction as it was required to do pursuant to I.C. § 20-226. To create the penitentiary packet admitted at trial, the IDOC made photocopies of the certified copies which were in its possession. The IDOC attached a certificate of authentication to the penitentiary packet which stated the copies had been compared to the certified copies contained in the IDOC file.

The certified copies in the IDOC's possession came directly from the clerks of the courts. The photocopies of the certified copies presented at Marsh's persistent violator trial were certified as authentic by the IDOC records department. Under the circumstances of this case, therefore, the certification from the clerks of the district courts and certification by the IDOC aggregated to satisfy the requirement of I.R.E. 902(4). While the IDOC was not the legal custodian of the original judgments of conviction, it was the legal custodian of certified copies of the judgments of conviction and was required by law to keep certified copies of the judgments in its records. Therefore, the IDOC was otherwise authorized to make the certification pursuant to I.R.E. 902(4). Because the copies were properly authenticated under I.R.E. 902(4), the authentication standard for public records exception in I.R.E. 1005 was satisfied in this case. Accordingly, we hold that the district court did not abuse its discretion in admitting the penitentiary packet as evidence that Marsh was a persistent violator under I.C. § 19-2514.

5

Marsh argues the state failed to present sufficient evidence to prove that Marsh was the same person referred to in the judgments of conviction contained within the penitentiary packet. In support of this argument, Marsh points to several small discrepancies in the information found in the penitentiary packet, including differences in Marsh's listed height, complexion, date of birth, social security number, and name. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

During the persistent violator phase of Marsh's trial, the state provided evidence in the form of testimony by Marsh's parole officer. The parole officer testified that he had supervised Marsh on two of his felony convictions. The officer pointed Marsh out in the courtroom and identified him as the same Jay Ralph Marsh whom he had supervised on parole. The state then conducted the following colloquy with the parole officer regarding a photograph in the penitentiary packet which bore the name Darrell Ralph Clarke:

| | |
|---|---|
| [ATTORNEY]: | [Officer], who is the photograph of in that packet? |
| [OFFICER] | The photograph that is in the packet is of, the name it's under is Darrell Ralph Clark. |
| [ATTORNEY]: | And is that person in the courtroom today? |
| [OFFICER]: | Yes. |
| [ATTORNEY]: | And where is he at? |
| [OFFICER]: | At the Defendant's table. |
| [ATTORNEY]: | So does the Defendant, Jay Ralph Marsh, did he go by other names? |
| [OFFICER]: | He did. |
| [ATTORNEY]: | And Darrell Ralph Clarke was one of them? |
| [OFFICER]: | Yes. |

6

The testimony of the parole officer demonstrated Marsh was being supervised on two previous felony convictions. In addition, the parole officer's testimony connected Marsh personally to the judgments of conviction contained in the penitentiary packet. Therefore, the record demonstrates there was substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving that the documents contained in the penitentiary packet pertained to Marsh and not to any other person. Although one judgment of conviction contained in the packet had not been certified by the clerk of the court, the packet contained more than two judgments which were certified by the clerk of the court and properly authenticated by the IDOC pursuant to I.R.E. 902(4). Accordingly, we hold the district court did not err in finding there was sufficient evidence submitted proving that Marsh was a persistent violator.

## B.    Abuse of Discretion at Sentencing

Marsh argues that the district court abused its discretion at sentencing when it imposed a unified term of twenty years, with a minimum period of confinement of eight years, for his conviction for burglary with a persistent violator enhancement because the sentence was excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).

When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). In order to prevail on a claim that a sentence represents an abuse of discretion, the defendant must show in light of the criteria, that

the sentence was excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Small*, 107 Idaho 504, 505, 690 P.2d 1336, 1337 (1984). Where reasonable minds might differ, the discretion vested in the trial court will be respected, and this court will not supplant the views of the trial court with its own. *Small*, 107 Idaho at 505, 690 P.2d at 1337. In order to prevail, the appellant must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment: (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing. *State v. Stover*, 140 Idaho 927, 933, 104 P.3d 969, 975 (2005).

The record demonstrates that Marsh had previously been convicted of at least ten felonies. At the time Marsh committed the crimes in this case, he was on parole and would have completed his sentence in a matter of months. Multiple incarcerations, paroles, and even the possibility of being shortly released from parole were not enough to prevent Marsh from committing further crimes. Under I.C. § 19-2514, the district court was required to sentence Marsh to at least five years for the persistent violator enhancement and could have imposed a life sentence. Marsh has failed to show, under any view of the facts, that his sentence was a clear abuse of discretion. Therefore, we hold that the district court did not abuse its discretion and Marsh's sentence for burglary with a persistent violator enhancement was not excessive.

## C.     Rule 35 Motion

Finally, Marsh argues that the district court abused its discretion when it denied Marsh's Rule 35 motion for a reduction of sentence. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Marsh offered no new or additional information demonstrating that his sentence was excessive. As held above, a review of the entire record demonstrates that Marsh's sentence was not excessive in light of his criminal history. Therefore, we hold that the district court did not abuse its discretion in denying Marsh's Rule 35 motion.

### III.

### CONCLUSION

The district court did not abuse its discretion when it admitted the penitentiary packet and substantial evidence supports the persistent violator finding. The district court did not abuse its discretion in imposing sentence or by denying Marsh's Rule 35 motion for reduction of sentence. Accordingly, we affirm Marsh's judgment of conviction and sentence and the order denying his Rule 35 motion.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**