## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42478

| | | |
|---|---|---|
| JAY RALPH MARSH, | ) | 2015 Unpublished Opinion No. 485 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 12, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

Jay Ralph Marsh, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jay Ralph Marsh appeals from the district court's judgment summarily dismissing Marsh's petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Marsh was charged with burglary with a persistent violator enhancement. Upon receiving the jury's verdict that Marsh was guilty of burglary, the district court conducted the second phase of the trial to determine whether Marsh was a persistent violator. The state presented testimonial evidence from Marsh's parole officer who was supervising Marsh on two prior felonies when he committed the burglary. The state also presented evidence in the form of Marsh's "penitentiary packet" which contained, among other things, photocopies of certified copies of judgments of conviction for ten of Marsh's previous felony convictions. Over Marsh's

1

objection, the district court admitted the packet into evidence. Subsequently, the jury determined Marsh was a persistent violator. The district court sentenced Marsh to a unified term of twenty years, with a minimum period of confinement of eight years. Marsh filed an I.C.R. 35 request for leniency, which the district court denied. On appeal, Marsh challenged the judgment of conviction, sentence, and the district court's denial of his Rule 35 motion. This Court affirmed. *See State v. Marsh*, 153 Idaho 360, 283 P.3d 107 (Ct. App. 2011). Marsh filed a petition for post-conviction relief claiming the sentence was "abusive" and his trial counsel was ineffective. Marsh also requested the appointment of counsel to pursue his post-conviction action. Finding that Marsh failed to raise the possibility of a valid claim, the district court denied Marsh's request for counsel and summarily dismissed his petition for post-conviction relief. Marsh appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it

appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

### A. Ineffective Assistance of Trial Counsel

Marsh argues that the district court erred in dismissing his petition for post-conviction relief based upon a claim of ineffective assistance of trial counsel. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Marsh argues that his trial counsel was ineffective for failing to challenge the authenticity of the contents of the "penitentiary packet" and for failing to properly argue against the persistent violator enhancement. However, both of Marsh's ineffective assistance of trial counsel arguments are subsumed in this Court's holding on direct appeal. *See Marsh*, 153 Idaho at 363-66, P.3d at 110-13. There, this Court held that the photocopies of Marsh's prior convictions,

4

admitted at trial to prove Marsh was a persistent violator, were properly authenticated and admitted into evidence. *Id.* The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989). Because Marsh's claims were addressed on direct appeal, they will not be considered here. Thus, Marsh has failed to show his counsel was ineffective.

B.     **Denial of Post-Conviction Counsel**

Marsh argues that the district court abused its discretion in denying his request for post-conviction counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Id.* In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with

counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In order to determine whether counsel should have been appointed for Marsh, we must look at each issue raised by Marsh to determine whether he alleged facts that raise the possibility of a valid claim. In addition to the ineffective assistance of trial counsel argument addressed above, Marsh argued before the district court that his sentence was "abusive." Again, this Court addressed this issue in Marsh's direct appeal, holding that the district court did not abuse its discretion in sentencing Marsh. *See Marsh*, 153 Idaho at 366-67, P.3d at 113-14. Because both issues have already been addressed by this Court on direct appeal, Marsh has failed to allege facts that raise the possibility of a valid post-conviction claim. Therefore, the district court did not err in denying his request for counsel.

Marsh argues that the denial of counsel in a criminal matter violated the constitutions of the United States and Idaho. However, a petition for post-conviction relief initiates a proceeding that is civil in nature. *See* I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *Bearshield*, 104 Idaho at 678, 662 P.2d at 550; *Murray*, 121 Idaho at 921, 828 P.2d at 1326. There is no constitutional right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, Marsh's argument that denial of post-conviction counsel violated his constitutional rights is without merit.

## IV.
## CONCLUSION

Marsh has failed to show that he received ineffective assistance of counsel. In addition, Marsh has failed to show that the district court erred in denying his request for post-conviction counsel. Therefore, we affirm the district court's judgment summarily dismissing Marsh's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.